

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT KAREEM SEAFORD | : | CIVIL ACTION |
| v. | : | |
| FRIENDS HOSPITAL | : | NO. 17-3367 |

FILED
AUG 04 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

MEMORANDUM

SLOMSKY, J.                                                                                     JULY    , 2017

Plaintiff Lamont Kareem Seaford brings this civil rights action against Friends Hospital based on allegations that he was hit on the head in 2015. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the complaint.

I. FACTS

Plaintiff alleges that, at some point between July 28, 2015 and August 31, 2015, he was punched in the back of the head and neck in the cafeteria at Friends Hospital. He believes it was a staff member who punched him. Accordingly, he initiated this lawsuit against the hospital, claiming violations of his civil rights and seeking $200,000 in damages.

II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f

1

xc: Legal

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the defendant is not a state actor and nothing suggests that plaintiff's constitutional rights were violated. Accordingly, there is no basis for a civil rights claims here.

To the extent plaintiff is raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As it appears that the parties are not diverse, the Court lacks subject matter jurisdiction over any state claims.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

ENTERED
AUG 01 2017
CLERK OF COURT

2